### In re PATTERSON.

(Supreme Court, Appellate Division, Fourth Department. December 15, 1896.)

1. SUPPLEMENTARY PROCEEDINGS—RECEIVERS—SALE OF DEBTOR'S CLAIM.
    It is error to grant leave to a receiver in supplementary proceedings to sell at auction a claim of the judgment debtor on which suit had been commenced by the debtor, where the claims of creditors who would have liens on the judgment, if recovered in the suit, and who opposed the granting of the order, exceeded the claims of the other creditors, and the evidence as to the chance of recovery was conflicting.

2. APPEALABLE ORDERS.
    An order granting leave to a receiver in supplementary proceedings to sell a claim of the judgment debtor substantially affects the rights of the debtor and of creditors opposing the application, so as to entitle them to appeal therefrom.

Appeal from Erie county court.

Application by John F. Patterson, as receiver, for permission to sell certain claims, demands, and other property belonging to the judgment debtor, Josephine L. Lyle. From an order granting an order of sale, Josephine L. Lyle and another appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

Charles W. Strong, for appellants.
Eugene M. Bartlett, for respondent.

FOLLETT, J. At some time (the date not appearing) Charles A. Sommer recovered a judgment against Josephine L. Lyle for $106. Whether this judgment is an original judgment of the county court, or was recovered in an inferior court and a transcript filed, does not appear. June 23, 1896, Henry W. Brush recovered in the supreme court a judgment against Josephine L. Lyle for $431.76 damages and costs. At some time (the date not appearing) Henry

Guenther recovered a judgment in the county court of the county of Erie against Josephine L. Lyle for $508. January 15, 1896, Josephine L. Lyle began an action against Truman C. White in the supreme court to recover $2,500, alleged to be due for services alleged to have been performed by her for him, which action is at issue and is still pending. At some time (the date not appearing) Emma K. White, the wife of Truman C. White, began an action against Josephine L. Lyle to foreclose a mortgage on real estate, in which Josephine L. Lyle set up as a counterclaim said sum of $2,500, alleging that the money secured by the bond and mortgage was in fact owned by Truman C. White, who was the real party in interest, and that it was agreed that the amount due for commissions should be set off against the bond and mortgage, which action is at issue and is still pending. On the judgment recovered by Charles A. Sommer, the county judge of Erie county made, June 6, 1896, an order requiring the judgment debtor to appear and be examined, pursuant to section 2435 of the Code of Civil Procedure. She was examined, and, June 27, 1896, the respondent was duly appointed receiver, and qualified. July 1, 1896, orders were granted by some court or judge (it not appearing by what court or by what judge) extending the receivership to the aforesaid judgments recovered by Brush and Guenther. July 2, 1896, the receiver petitioned the county court for permission to sell, by public auction, the claims of the judgment debtor against the Whites and certain other property. Henry W. Brush is the attorney of record in the action brought by Josephine L. Lyle against Truman C. White, and asserts that he has a lien upon the claim in suit, by reason of his services, to the amount of $350. This is not denied. Keeler & Marsh are the attorneys of record for the defendant in an action brought by Emma K. White against Josephine L. Lyle, and assert that they have a lien upon said claim of $240. This is not denied. On the hearing of the application for leave to sell, Josephine L. Lyle, Henry W. Brush, and Keeler & Marsh appeared, and opposed the motion, upon the ground that their interests were prior to and larger than those of Charles A. Sommer, which would be destroyed by a sale of the claim to some person not interested in prosecuting it. Nevertheless, a sale was ordered. The receiver testified that, in his opinion, the claim was invalid, and could not be recovered. On the other hand, Mrs. Lyle and her attorneys testified that, in their opinions, the claim was valid, and that a recovery could be had thereon.

Under such circumstances we think the court erred in granting this order upon the application of this judgment creditor, whose claim is smaller than and subsequent to those of the opposing creditors. The attorneys have a lien on this claim for their services, which is prior to the claim of Sommer, and their rights ought not to be jeopardized by a sale to a purchaser who may have no interest in prosecuting the suit. The judgment debtor is enjoined from transferring or incumbering the claim in suit, and the rights of Sommer will not be injured by permitting it to be prosecuted by the original plaintiff in the action. But, in case the receiver has

reasonable ground to believe that the interests of the creditors whom he represents will be endangered, he may apply to be made a party to the actions in which the claim is sought to be enforced.

The order of the county court affects the substantial rights of the judgment debtor and of Henry W. Brush, and on that ground they are entitled to prosecute an appeal from the order; and, it having been made by a county judge, the remedy of the party aggrieved is not by a motion to vacate it in the first instance, but by an appeal under the second subdivision of section 2433 of the Code of Civil Procedure. Billington v. Billington (Sup.) 4 N. Y. Supp. 504.

The order, in so far as it permits or directs a sale of the claim of $2,500, should be reversed, with costs to the appellants payable out of any funds in the hands of the receiver. All concur, except WARD, J., dissenting.